IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| SAINT CATHERINE HOSPITAL OF PENNSYLVANIA, LLC, | : | BANKRUPTCY NO.: 5-12-bk-02073-JJT |
| DEBTOR | : | |
| WILLIAM G. SCHWAB, as Chapter 7 Trustee of Saint Catherine Hospital of Pennsylvania, LLC, | : | {**Nature of Proceeding**: Cross Motions for Summary Judgment (Docs. #7 and #9)} |
| PLAINTIFF | : | |
| vs. | : | |
| PRESIDENTIAL HEALTHCARE CREDIT CORPORATION, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-14-ap-00070-JJT** |

# OPINION

William G. Schwab, Chapter 7 Trustee for Saint Catherine Hospital of Pennsylvania, LLC, has filed a Complaint against Presidential Healthcare Credit Corporation seeking a determination that certain escrowed funds are not encumbered by the Defendant.

Presidential has a security interest in prepetition receivables. The fund in question was created as result of litigations between the Trustee and Capital Blue Cross. While § 552(b) of the Bankruptcy Code extends prepetition liens to "proceeds" of receivables, the Trustee claims that the fund received from Capital was not proceeds, but rather the results of the Trustee's exercise of his avoidance powers under the Bankruptcy Code. Presidential disputes that

conclusion.

The issue comes before me by way of Cross Motions for Summary Judgment on undisputed facts.

On February 13, 2013, the Trustee moved the Court to require turnover of funds from Capital, Doc. #520 in bankruptcy case no. 5-12-bk-02073-JJT. Thereafter, on March 7, 2013, Capital, the Trustee, and Presidential, stipulated that the fund at issue would be turned over to the Trustee to be held in escrow pending a determination of the Court and subject to the interests of Presidential. Doc. #539. Thereafter, on October 8, 2013, the Trustee entered into an agreement with Capital whereby the sum of $420,893.95 was to be turned over from Capital to the Trustee in satisfaction of avoidance claims. Settlement and Mutual Release Agreement dated October 8, 2013 attached to Doc. #54 at 3:13-cv-01772.

Apparently, the Trustee relies on some authority that if the source of the Trustee's recovery is an avoidance of liens, it is § 552(a) property and is not encumbered by the lien of Presidential. Presidential, on the other hand, argues that this fund is the recovery of an account receivable and, thus, is liened by its prepetition secured interest under § 552(b).

There are two points that are apparent from a review of the stipulated facts. First, a partial turnover of funds from Capital to the Trustee was accompanied by a specific reservation of rights to adjudicate the interests of the parties, including Presidential; and second, the turnover of funds from Capital to the Trustee, specifying the recovery was as a result of an avoidance right by the Trustee, was not a conclusion joined in by Presidential who cannot be bound by the terms thereof.

The bottom line is that there is a material fact in issue, i.e., is the source of the funds in question a prepetition receivable owing to the Debtor from Capital, or monies transferred to Capital and recovered by the Trustee using his avoidance power? That fact is very much in dispute thus mandating that I deny the Cross Motions for Summary Judgment and set trial on the matter.

My Order will follow.

By the Court,

Date: October 30, 2014

John J. Thomas, Bankruptcy Judge
(CMS)